(C.D. 2485)

GALLAGHER & ASCHER CO. *v.* UNITED STATES

## United States Customs Court, Third Division

(Decided October 19, 1964)

*James L. Donnelly, Jr.,* for the plaintiff.

*John W. Douglas,* Assistant Attorney General (*Andrew P. Vance,* trial attorney), for the defendant.

Before DONLON and RICHARDSON, Judges; DONLON, J., concurring

RICHARDSON, Judge: When this case was called no appearance was made by or on behalf of the plaintiff. Government counsel called the court's attention to facts which counsel interpreted as being indicative of a request by the plaintiff for correction of clerical error and further pointed out that the collector had not yet responded to the request. Accordingly, the Government requested, in the interests of justice, that the instant file be returned to the collector for administrative determination of the claim of clerical error.

In our view of the case no showing has been made in the instant record which would permit the collector to make a finding, administratively, on a claim of clerical error. The only document of record which makes use of the words "clerical error" is a letter dated June 15, 1961, addressed to the collector by the plaintiff-importer of record. In this letter the plaintiff returns to the collector the Notice of Additional Duties Due for the reason that the consignee of the merchandise has instructed the plaintiff to file a "protest for a clerical error under Section 520(c)(1) of the Customs Regulations covering this importation." Although this letter indicates that a claim of clerical error is forthcoming, there is nothing in the record before us which indicates that such a claim was brought to the attention of the customs service or even what the claim of clerical error consists of. Section 1520 (c)(1) of 19 U.S.C.A. requires "the error" to be brought to the attention of the customs service.

Neither does the correspondence referred to in plaintiff's letter of June 15, 1961, deal with the subject of clerical error. Such correspondence, consisting of three letters addressed to plaintiff by the consignee and dated March 31, 1961, April 4, 1961, and May 31, 1961, respectively, expresses the consignee's displeasure with the appraiser's valuation of the merchandise and the unexpectedly high rate of duty resulting from such valuation and urges the plaintiff to seek a more equitable appraisal of the merchandise. And in the aforesaid letter of June 15, 1961, plaintiff advises the collector that the consignee has taken the matter up with the examiner and that plaintiff, therefore, requests that the invoice be returned to the examiner for review.

The court cannot regard these letters as being indicative of the existence of a claim of clerical error under 19 U.S.C.A., section 1520(c) (1) (section 520(c) (1), Tariff Act of 1930, as amended), under even the most liberal construction of pleadings which the court is always disposed to employ to afford a litigant his day in court.

The collector has stated that the instant protest has been timely filed under 19 U.S.C.A., section 1514, but it is, in fact, as Government counsel advises, untimely under this section, having been filed 64 days after liquidation.

The protest is, for the reasons herein stated, clearly insufficient on its face. Consequently, the protest is dismissed for nonappearance and insufficiency.

Judgment will be entered accordingly.

### CONCURRING OPINION

DONLON, Judge: I concur in the dismissal of this so-called protest made by plaintiff's letter dated June 15, 1961. However, I find that this letter incorporated by reference and attachment three letters of the consignee which clearly state the asserted complaint. That complaint is that appraisement was at 63 cents per pound and not at a lower value.

It was too late, on June 15, 1961, for plaintiff to appeal for reappraisement.

As to protest to correct a clerical error, it is not properly filed except in accordance with section 520. The refusal of the collector, after request, has not been alleged.

For nonappearance, and on the ground that the protest states only a cause of action in reappraisement and that it was not timely filed either under section 514 or section 520, the protest should be dismissed.